United States District Court
District of Connecticut
FILED AT   BRIDGEPORT
12-23-03
Kevin F. Rowe, Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER SYM, | CIVIL ACTION NO. |
| PLAINTIFF, | 3:03 CV 00932(SRU) |
| v. | |
| ATLAS FENCE d.b.a. ATLAS OUTDOOR, | |
| DEFENDANT. | December 23, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF LEAVE TO AMEND COMPLAINT

The Plaintiff, Peter Sym, hereby submits this Memorandum of Law in Support of Leave to Amend Complaint.

**I.     Procedural Posture**

The Plaintiff, Peter Sym is a 54-year old man and was employed by the Defendant, Atlas Fence d.b.a. Atlas Outdoor, initially as a woodworker, and later as Shop Supervisor, Foreman and Assistant Sales Manager. Throughout the course of his employment, Mr. Sym performed his position in an above-average manner and received several promotions. As part of a plan for expansion, Michael Picard, Defendant's President, offered the Plaintiff the position of Assistant Store Manager, and the Plaintiff accepted, relying upon Mr. Picard's express assurances that he could return to the position of Foreman if things did not work out. Although Plaintiff continued to perform his position in an above-average manner, on February 1, 2002, the Defendant terminated the Plaintiff because of his age.

The present action was commenced in federal court on May 23, 2003, alleging

3

discrimination on the basis of age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq. (Complaint, Count One), discrimination on the basis of age in violation of Conn. Gen. § 46a-60(a)(1) (Complaint, Count Two), retaliation in violation of Conn. Gen. Stat. § 46a-60(a)(4) (Complaint, Count Three), breach of implied contract (Complaint, Count Four), breach of the implied covenant of good faith and fair dealing (Complaint, Count Five), promissory estoppel (Complaint, Count Six), Negligent Misrepresentation (Complaint, Count Seven) and Wrongful Discharge (Complaint, Count Eight). On September 29, 2003 the Defendant filed a Motion to Dismiss Counts One, Three, Four, Five, Six, Seven and Eight of the complaint. The parties Rule 26(f) report was filed on October 2, 2003 and the Court ordered a case management plan on October 6, 2003.

The Plaintiff now seeks to amend his complaint to DELETE Counts Three, Five and Eight, as well as any and all language referring to Title VII of the Civil Rights Act of 1964. Plaintiff additionally seeks to add certain factual allegations and to modify and organize the language and wording of the other counts. Thus, the proposed remaining claims of the plaintiff are as follows: discrimination on the basis of age in violation of the ADEA (Amended Complaint, Count One), discrimination on the basis of age in violation of Conn. Gen. Stat. § 46a-60(a)(1) (Amended Complaint, Count Two), retaliation in violation of Conn. Gen. Stat. § 46a-60(a)(4) (Amended Complaint, Count Three), breach of implied contract (Amended Complaint, Count Four), promissory estoppel (Amended Complaint, Count Five) and negligent misrepresentation (Amended Complaint, Count Six). All of the facts as set out in these claims relate back to the same events that gave rise to the original cause of action, and all claims share the same nucleus of operative

4

facts as those in the original complaint.

**II.     Argument**

The Report of Parties' Rule 26(f) Planning Meeting, which was filed on October 2, 2003 and approved by the Court on October 6, 2003, provides that the Plaintiff may amend his complaint up until March 1, 2004. Furthermore, the Plaintiff may amend his complaint pursuant to Fed. R. Civ. P. 15 (a) which provides in relevant part: "A party may amend a party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." This is consistent with the philosophy that leave to amend should be freely granted when justice so requires. Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Fed. R. Civ. P. 15 (a) has been liberally interpreted by the Courts. See Gillespie v. U.S. Steel Corp., 379 U.S. 148, 158, 85 S. Ct. 308, 13 L. Ed. 2d 199 (1964). Leave for amendment of complaints should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant." Forman v. Davis, 371 U.S. at 182. "When permitting the amendment would [not] require extensive preparation and consume extensive amounts of trial time to the detriment of a speedy resolution of the case, the amendment should be [granted]." Assam v. Deer Park Spring Water, 163 F.R.D. 400, 403-04 (E.D.N.Y. 1995); citing E.E.O.C. v. Sage Realty Corp., Inc., 87 F.R.D. 365, 371 (S.D.N.Y. 1980)).

"When the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Forman v. Davis, 371 U.S. at 182. For purposes of judicial efficiency, it is the courts' preference "to have all aspects of a litigation terminated at one time, thus,

5

negating any possibility of fragmented suits." Assam v. Deer Park Spring Water, 163 F.R.D. at 404; citing Hood v. P. Ballantine & Sons, 38 F.R.D. 502, 503 (S.D.N.Y. 1965).

The Plaintiff has not added any new claims, but has revised several counts in order to provide more specificity to the claims that were previously alleged. Thus, should leave be granted, the Defendant's factual inquiry would still be centered on the same nucleus of operative facts as outlined in the Plaintiff's original complaint, and would not contain new and surprising allegations in this regard. Any new factual allegations should be of no surprise to the Defendant, as it should be deemed to have knowledge of its very own conduct. The Defendant would not be prejudiced by the Plaintiff's amended complaint, as this case is yet in the early stages and discovery has only recently begun. Neither of the parties have engaged in any depositions to date and because the discovery deadline is August 10, 2004, there is yet substantial time within which to complete discovery.

The Plaintiff would be prejudiced by denial of leave to amend because the claims sought to be added may be barred from being brought in subsequent actions by the doctrine of res judicata. "Res judicata . . . makes a final, valid judgment conclusive on the parties, and those in privity with them, as to all matters, fact and law, [that] were or should have been adjudicated in the proceeding." Waldman v. Village of Kiryas Joel, 207 F. 3d 105, 108 (2d Cir. 2000). Suits that share claims that arise out of the same nucleus of operative facts as a suit that has been previously adjudicated, even though based on different legal theories will be denied as res judicata. Id.

All of the factual claims that the plaintiff seeks to include in the amendment arise out of the same nucleus of operative facts. The proposed amendment would not delay the

6

proceedings in this case, nor is it intended to harass, intimidate or otherwise prejudice the defendant.

### III. Conclusion

The Court possesses broad discretion to allow a party to amend his pleadings at any time before, during or after trial. The proposed amendment would not delay the proceedings in the same case, nor is it intended to harass, intimidate or otherwise prejudice the Defendant and it cures the alleged defects as stated in the Defendant's Motion to Dismiss. In accordance with the facts of this case and the appropriate law, this Court must grant the Plaintiff leave to amend the complaint so that this matter may proceed on its justiciable merits on all of the Plaintiff's legal claims and theories.

> The Plaintiff,
> Peter Sym
>
> By: _____
> Eugene N. Axelrod (CT00309)
> The Employment Law Group, LLC
> 8 Lunar Drive
> Woodbridge, CT 06525
> (203) 389-6526
> (203) 389-2656

### CERTIFICATION

This is to certify that a copy of the foregoing was sent this date via first class mail, postage prepaid to:

Michael P. Devlin, Esq.
Thomas A. Carroll, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460

12/23/03
Date

_____
Melissa Toddy
Commissioner of the Superior Court

7