UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 MAR -7 P 1: 48

|  |  |  |
|---|---|---|
| PETER SYM | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:03CV00932 (SRU) |
| vi. | : | |
| | : | |
| ATLAS FENCE COMPANY | : | |
| D.B.A. ATLAS OUTDOOR | : | |
| Defendant | : | MARCH 3, 2005 |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR VOLUNTARY DISMISSAL

The Plaintiff, Peter Sym, hereby submits this Memorandum in Support of the

Plaintiff's Motion For Voluntary Dismissal.

### Factual Background

This case was filed on or about May 21, 2002. Defendant, Atlas Fence Company,

filed for Bankruptcy during the pendency of this action. Counsel for the Plaintiff

continued to investigate possible modes to attach assets of the Defendant's Bankruptcy

Estate in order to secure judgment in favor of the Plaintiff in this case. Through

consultation with the defendant, the undersigned determined that Plaintiff no longer

wished to pursue his claim against the defendant as a result of Defendant's status within

Bankruptcy. Plaintiff's counsel recently contacted Counsel for the defendant, Michael P.

Devlin and Thomas Carroll. Defendant's counsel informed the undersigned that Atlas

Fence Company has been discharged in Bankruptcy, and that Berchman, Moses and

Devlin, P.C. no longer represents the Defendant for purposes of this litigation. Plaintiff,

Peter Sym gave permission for this office to move for voluntary dismissal by phone on

1

February 28, 2005, memorialized in a letter dated February 28, 2005 attached hereto as "Exhibit A."

**Argument**

**I.    Voluntary Dismissal Should Be Granted Pursuant to Rule 41(a) Fed. R. Civ. P.**

A Plaintiff may move for voluntary dismissal of an action provided that a defendant is not hurt, and such dismissal is not made with the intent to harass or prejudice the Defendant. Fed R. Civ. P. 41(a). A motion for voluntary dismissal can be granted without prejudice to further litigation when made by notice, stipulation, or by court order. Id. A Plaintiff may abandon litigation after reviewing their claims and reevaluating the merits of the claims along with the possibility of recovery. Lapierre v. Executive Indus. 117 F.R.D. 328, 329 (D. Conn. 1987).

Plaintiff has decided that he no longer wished to undertake further expense in the prosecution of his claims against the Defendant in this case. Plaintiff made this decision based upon his evaluation of the likelihood of recovery against a bankrupt, out of business Defendant. No entity remains for the Plaintiff to further his claims against, and Plaintiff has indicated his desire to terminate this action.

**II.    Conclusion**

For the foregoing reasons, the Plaintiff, Peter Sym, respectfully requests that the Court grant his motion for voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

Eugene N. Axelrod (ct 00309)
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge CT
Tel: (203) 389-6526
Fax: (203) 389-2656

# Exhibit

# A

2/18/2005

Mr. Axelrod,

I'm writing this letter per a conversation I had with your law clerk Eric Caines. He informed me that the Judge in charge needed a short letter from me stating I was dropping my case against Atlas Fence.

Per a registered letter I sent you last September, I was dropping the case for numerous reasons and your services were no longer needed.

I hope this letter will serfice, the case nr. is #3:03CV00932 (SRU)

Thank You,

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent this date via first class mail, postage prepaid to:

Michael P. Devlin, Esq.
Thomas A. Carroll, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT  06460

___3/5/05___
Date

Eugene N. Axelrod
Commissioner of the Superior Court